UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HENDERSON,
on behalf of himself and others
similarly situated,

        Plaintiff,

v.                                         Civil Action No: 3:11cv514-REP

VERIFICATIONS INCORPORATED,

        Defendant.

## FIRST AMENDED CLASS COMPLAINT

COMES NOW, the Plaintiff, **TYRONE HENDERSON**, on behalf of himself and all similarly situated individuals and for his First Amended Complaint, he states as follows:

### INTRODUCTION

1. Tyrone Henderson (hereinafter "Plaintiff") brings this class action against Defendant to obtain relief for himself and the class he proposes to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq.*

2. Defendant operates as a consumer reporting agency to prepare and furnish consumer reports for employment and other purposes. Defendant furnished these consumer reports to prospective and existing employers of the Plaintiff and the putative class. Many of these employers did thereafter refuse to hire or take other adverse action against Plaintiff and other consumers based in whole or in part on the consumer reports.

3. Plaintiff alleges an individual claim under 15 U.S.C. § 1681e(b), which required


EXHIBIT B

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)
### (CLASS ACTION)

44. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

45. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681k Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a *Verifications* consumer report, (b.) that was furnished for an employment purpose, (c.) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment obtained directly from a source other than the courthouse or governmental entity that maintains such record (i.e. information from a non-governmental database), (d.) within five years next preceding the filing of this action and during its pendency, and (e.) to whom *Verifications* did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

46. Plaintiff also proposes two alternate subclasses. Defendant has indicated its defense to the § 1681k claim asserting that it was not required to comply with this provision because it had elected instead to comply with § 1681k(a)(2). Accordingly, Plaintiff proposes:

a. **1681k CoreLogic subclass** defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a *Verifications* employment report, (b.) that was made available for a employer customer, (c.) furnished for an employment purpose, (d.) contained an affirmative a "National

9

Criminal Records Locator" result of "Concern/Discrepancy," (e.) within five years next preceding the filing of this action and during its pendency, and (f.) to whom *Verifications* did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

b. **1681k Reseller subclass** defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a *Verifications* employment report, (b.) that was made available for a employer customer, (c.) furnished for an employment purpose, (d.) contained an affirmative a "County Criminal" result of "Concern/Discrepancy," (e.) where the data received by Verifications for the County Criminal results was not obtained by a Verifications employee directly from the governmental public records source, (f.) within five years next preceding the filing of this action and during its pendency, and (g.) to whom *Verifications* did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

47. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

48. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and

procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

49. **Typicality.** FED. R. CIV. P. 23(a)(3)). Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

50. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

51. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court

system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

52. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

53. Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

54. The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

### COUNT II - VIOLATION OF THE FCRA § 1681d
### (CLASS ACTION)

57. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

58. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681d Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a *Verifications* consumer report, (b.) that contained any information that was based upon information regarding the consumer's previous work history and was obtained through personal interviews with the consumer's previous employers, (c.) within two years next preceding the filing of this action and during its pendency, and (d.) (1.) the report was furnished to the recipient sooner than the end of three days after the date on which the report was first requested and/or (2.) the report was furnished before *Verifications* did receive a certification from the recipient that it had disclosed to the consumer in writing that an investigative consumer report might be made and the statement of a consumer's FCRA rights created by the Federal Trade Commission. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

59. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

60. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery