UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HENDERSON,

    Plaintiff,

v.                                                                    Civil Action No. 3:12cv97 (REP)

CORELOGIC, INC., *et al.*

    Defendants.

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, CoreLogic, Inc. and CoreLogic National Background Data, LLC f/k/a National Background Data, LLC ("NBD", and when combined with CoreLogic, Inc., collectively referred to as "CoreLogic,"), by counsel, submit the following Answer to Plaintiff's Complaint.

## INTRODUCTION

1.    Paragraph 1 of the Complaint contains a general description of the lawsuit to which no response is required.

2.    CoreLogic admits that NBD provides public records information to resellers of data. CoreLogic denies the remaining allegations in paragraph 2 of the Complaint.

3.    CoreLogic denies the allegations contained in paragraph 3 of the Complaint.

4.    CoreLogic denies the allegations contained in paragraph 4 of the Complaint.

5.    CoreLogic denies the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.    The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 6 are contrary to law they are denied.

7. The allegations in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 7 are contrary to law they are denied.

**PARTIES**

8. The allegations in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 8 are contrary to law they are denied.

9. CoreLogic, Inc. admits that it is the ultimate parent company of NBD and that NBD provides public records information to third parties. The remaining allegations in paragraph 9 of the Complaint appear to reference an unidentified document, which speaks for itself. To the extent that the allegations in paragraph 9 vary from the contents of the document, they are denied.

10. CoreLogic admits that NBD provides public records information to third parties for the purposes of background screening. The remaining allegations in paragraph 10 of the Complaint appear to reference an unidentified document, which speaks for itself. To the extent that the allegations in paragraph 10 vary from the contents of the document, they are denied.

11. CoreLogic admits that NBD provides public records information to third parties for the purposes of background screening. The remaining allegations in paragraph 11 of the Complaint appear to reference an unidentified document, which speaks for itself. To the extent that the allegations in paragraph 11 vary from the contents of the document, they are denied.

12. The allegations in paragraph 12 of the Complaint appear to reference an unidentified document, which speaks for itself. To the extent that the allegations in paragraph 12 vary from the contents of the document, they are denied. CoreLogic denies the remaining allegations contained in paragraph 12 of the Complaint.

13. CoreLogic admits that NBD provides public records information to third parties for the purposes of background screening. The remaining allegations in paragraph 13 of the Complaint appear to reference an unidentified document, which speaks for itself. To the extent that the allegations in paragraph 13 vary from the contents of the document, they are denied.

14. The allegations in paragraph 14 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 14 are contrary to law they are denied.

15. The allegations in paragraph 15 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 15 are contrary to law they are denied. CoreLogic, Inc. admits that it controls its own activities, but it denies that it controls the activities of NBD. CoreLogic denies the remaining allegations in paragraph 15.

16. CoreLogic admits that NBD provides public record information to third-parties for monetary compensation. CoreLogic denies the remaining allegations of paragraph 16.

17. CoreLogic denies the allegations contained in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 18 are contrary to law they are denied.

19. CoreLogic denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations in paragraph 20 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 20 are contrary to law they are denied.

**FACTUAL ALLEGATIONS**

21. CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the same.

22. CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies the same.

23. CoreLogic admits that NBD provided public record information about Plaintiff to Verifications, Inc. CoreLogic denies the remaining allegations contained in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 24 are contrary to law they are denied.

25. CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies the same.

26. The allegations of paragraph 26 of the Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 26 vary from the text of the document itself, they are denied.

27. The allegations of paragraph 27 of the Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 27 vary from the text of the document itself, they are denied.

28. CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies the same.

29. CoreLogic denies the allegations contained in paragraph 29 of the Complaint.

30. CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies the same.

31. The allegations of paragraph 31 of the Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 31 vary from the text of the document itself, they are denied.

32. CoreLogic denies the allegations contained in paragraph 32 of the Complaint.

33. CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the same.

34. CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies the same.

35. The allegations of paragraph 35 of the Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 35 vary from the text of the document itself, they are denied.

36. The allegations of paragraph 36 of the Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 36 vary from the text of the document itself, they are denied.

37. CoreLogic denies the allegations contained in paragraph 37 of the Complaint.

38. The allegations of paragraph 38 of the Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 38 vary from the text of the document itself, they are denied.

39. The allegations of paragraph 39 of the Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 39 vary from the text of the document itself, they are denied. Any remaining allegations in paragraph 39 are denied.

40. CoreLogic denies the allegations contained in paragraph 40 of the Complaint.

41. CoreLogic denies the allegations contained in paragraph 41 of the Complaint.

42. CoreLogic denies the allegations contained in paragraph 42 of the Complaint, as pled.

43. CoreLogic denies the allegations contained in paragraph 43 of the Complaint, as pled.

44. CoreLogic denies the allegations contained in paragraph 44 of the Complaint.

45. CoreLogic denies the allegations contained in paragraph 45 of the Complaint.

### COUNT I – VIOLATION OF THE FCRA
### §1681k(a)(1)
### (Class Action)

46. In response to the allegations contained in paragraph 46 of the Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

47. In response to paragraph 47 of the Complaint, CoreLogic admits that Plaintiff purports to bring this claim on behalf of a class. CoreLogic further admits that Plaintiff purports to define the class as stated in paragraph 47. CoreLogic denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, CoreLogic denies the allegations in paragraph 47.

48. In response to paragraph 48 of the Complaint, CoreLogic admits that Plaintiff purports to bring this claim on behalf of a sub-class. CoreLogic further admits that Plaintiff purports to define the sub-class as stated in paragraph 48. CoreLogic denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, CoreLogic denies the allegations in paragraph 48.

49. CoreLogic admits that Plaintiff claims that the numerosity requirement of 23(a) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 49 of the Complaint.

50. CoreLogic admits that Plaintiff claims that the commonality requirement of 23(a) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial.

CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 50 of the Complaint.

51. CoreLogic admits that Plaintiff claims that the typicality requirement of 23(a)(1) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 51 of the Complaint.

52. CoreLogic admits that Plaintiff claims that the adequacy requirement of 23(a) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 52 of the Complaint.

53. CoreLogic admits that Plaintiff claims that the superiority requirement of 23(b) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 53 of the Complaint.

54. CoreLogic denies the allegations contained in paragraph 54 of the Complaint.

55. CoreLogic denies the allegations contained in paragraph 55 of the Complaint.

56. CoreLogic denies the allegations contained in paragraph 56 of the Complaint.

57. CoreLogic denies the allegations contained in paragraph 57 of the Complaint.

58. CoreLogic denies the allegations contained in paragraph 58 of the Complaint.

**COUNT II – VIOLATION OF THE FCRA**
**15 U.S.C. § 1681g(a)**
**(Class Action)**

59. In response to the allegations contained in paragraph 59 of the Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

60. In response to paragraph 60 of the Complaint, CoreLogic admits that Plaintiff purports to bring this claim on behalf of a class. CoreLogic further admits that Plaintiff purports to define the class as stated in paragraph 60. CoreLogic denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, CoreLogic denies the allegations in paragraph 60.

61. CoreLogic admits that Plaintiff claims that the numerosity requirement of 23(a) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 61 of the Complaint.

62. CoreLogic admits that Plaintiff claims that the commonality requirement of 23(a) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 62 of the Complaint.

63. CoreLogic admits that Plaintiff claims that the typicality requirement of 23(a)(1) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class

action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 63 of the Complaint.

64. CoreLogic admits that Plaintiff claims that the adequacy requirement of 23(a) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 64 of the Complaint.

65. CoreLogic admits that Plaintiff claims that the superiority requirement of 23(b) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action. Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 65 of the Complaint.

66. CoreLogic denies the allegations contained in paragraph 66 of the Complaint.

67. CoreLogic denies the allegations contained in paragraph 67 of the Complaint.

68. CoreLogic denies the allegations contained in paragraph 68 of the Complaint.

69. CoreLogic denies the allegations contained in paragraph 69 of the Complaint.

70. CoreLogic denies the allegations contained in paragraph 70 of the Complaint.

### COUNT III – VIOLATION OF THE FCRA
### 15 U.S.C. § 1681e(b)
### (Individual Claim)

71. In response to the allegations contained in paragraph 71 of the Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

72. CoreLogic denies the allegations contained in paragraph 72 of the Complaint.

73. CoreLogic denies the allegations contained in paragraph 73 of the Complaint.

74. CoreLogic denies the allegations contained in paragraph 74 of the Complaint.

75. CoreLogic denies the allegations contained in paragraph 75 of the Complaint.

76. CoreLogic denies that Plaintiff may recover any of the requested relief in the WHEREFORE clause of the Complaint.

77. CoreLogic denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against CoreLogic, Inc. and/or NBD and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy Of Information)

Plaintiff's claims fail to the extent that they are barred because all information that CoreLogic communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, CoreLogic acted in good faith and complied fully with the Fair Credit Reporting Act, to the extent that the Fair Credit Reporting Act applies to Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which CoreLogic continues to deny, were the result of acts or omissions of third persons over whom CoreLogic had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### SIXTH AFFIRMATIVE DEFENSE
**(Punitive Damages)**

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.

### SEVENTH DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

### EIGHTH DEFENSE
**(Impropriety as a Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### NINTH DEFENSE
**(Reasons Set Forth in the Motion to Dismiss)**

Plaintiff cannot recover against CoreLogic for the reasons set forth in CoreLogic's Motion to Dismiss filed simultaneously and which is incorporated by reference as if set forth

fully herein. Specifically, Plaintiff cannot recover against CoreLogic under the Fair Credit Reporting Act to the extent that CoreLogic never provided a consumer report "for employment purposes" to a "user." Additionally, Plaintiff has not sufficiently alleged (nor can prove) that CoreLogic willfully violated the Fair Credit Reporting Act. Further, Plaintiff cannot recover against CoreLogic under Count I of the Complaint for CoreLogic for a claim of negligent violation of the Fair Credit Reporting Act to the extent that he cannot maintain a claim for actual or punitive damages. Finally, Plaintiff cannot recover from CoreLogic under Count I of the Complaint to the extent that he has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

### TENTH DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

### ELEVENTH DEFENSE
### (Subject Matter Jurisdiction and Preclusion)

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the Rooker-Feldman doctrine, the doctrine of judicial estoppel, collateral estoppel, and *res judicata*, including with respect to the related actions filed by Plaintiff against Interstate Brands Corporation and Verifications, Inc.

### TWELFTH DEFENSE
### (Statute Of Limitations)

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE
**(Venue)**

CoreLogic objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Rules of the United States District Court for the Eastern District of Virginia.

## FOURTEENTH DEFENSE
**(Right To Assert Additional Defenses)**

CoreLogic reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendants, CoreLogic, Inc. and CoreLogic National Background Data, LLC f/k/a National Background Data, LLC , request that the Court enter an order: (1) dismissing with prejudice the Complaint; (2) awarding Defendants their costs and expenses incurred herein; and (3) awarding Defendants such other and further relief as the Court may deem just and proper.

        **CORELOGIC, INC. and CORELOGIC NATIONAL BACKGROUND DATA, LLC f/k/a NATIONAL BACKGROUND DATA, LLC**

        By:/s/ Timothy J. St. George
                Of Counsel

Alan D. Wingfield (VSB No. 27489)
David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339
alan.wingfield@troutmansanders.com
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May 2012, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Blvd, Suite 1A
>Newport News, VA 23601
>Telephone: (757) 930-3660
>Facsimile: (757) 930-3662
>Email: lenbennett@cox.net
>
>Dale W. Pittman, Esq.
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.
>The Eliza Spotswood House
>112-A West Tabb St.
>Petersburg, VA 23803
>Telephone: (804) 861-6000
>Facsimile: (804) 861-3362
>dale@pittmanlawoffice.com
>
>*Counsel for Plaintiff*

>/s/Timothy J. St. George
>Timothy J. St. George (VSB Bar No. 77349)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697-1254
>Facsimile: (804) 698-6013
>tim.stgeorge@troutmansanders.com