### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

**TYRONE HENDERSON,** *et al.,*

    **Plaintiffs,**

**v.**                                                    **Civil Action No. 3:12cv97 (REP)**

**CORELOGIC, INC.,** *et al.*

    **Defendants.**

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants, CoreLogic, Inc. and CoreLogic National Background Data, LLC f/k/a National Background Data, LLC ("NBD", and when combined with CoreLogic, Inc., collectively referred to as "CoreLogic"), by counsel, submit the following Answer to Plaintiffs' Amended Complaint.

### INTRODUCTION

1.    Paragraph 1 of the Amended Complaint contains a general description of the lawsuit to which no response is required.

2.    CoreLogic admits that NBD provides public records information to resellers of data.  CoreLogic denies the remaining allegations in paragraph 2 of the Amended Complaint.

3.    Paragraph 3 of the Amended Complaint contains a general description of one cause of action alleged, to which no response is required.

4.    CoreLogic denies the allegations contained in paragraph 4 of the Amended Complaint.

5.    CoreLogic denies the allegations contained in paragraph 5 of the Amended Complaint.

6.      CoreLogic denies the allegations contained in paragraph 6 of the Amended Complaint.

7.      CoreLogic denies the allegations contained in paragraph 7 of the Amended Complaint.

## JURISDICTION AND VENUE

8.      The allegations in paragraph 8 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 8 are contrary to law they are denied.

9.      CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and, therefore, denies the same.

## PARTIES

10.     The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 10 are contrary to law they are denied.

11.     CoreLogic, Inc. admits that it is the ultimate parent company of NBD and that NBD provides public records information to third parties.  The remaining allegations in paragraph 11 of the Amended Complaint appear to reference an unidentified document, which speaks for itself.  To the extent that the allegations in paragraph 11 vary from the contents of the document, they are denied.

12.     CoreLogic admits that NBD provides public records information to third parties for the purposes of background screening.  The remaining allegations in paragraph 12 of the Amended Complaint appear to reference an unidentified document, which speaks for itself.  To

the extent that the allegations in paragraph 12 vary from the contents of the document, they are denied.

13.     CoreLogic admits that NBD provides public records information to third parties for the purposes of background screening.  The remaining allegations in paragraph 13 of the Amended Complaint appear to reference an unidentified document, which speaks for itself.  To the extent that the allegations in paragraph 13 vary from the contents of the document, they are denied.

14.     The allegations in paragraph 14 of the Amended Complaint appear to reference an unidentified document, which speaks for itself.  To the extent that the allegations in paragraph 14 vary from the contents of the document, they are denied.  CoreLogic denies the remaining allegations contained in paragraph 14 of the Amended Complaint.

15.     CoreLogic admits that NBD provides public records information to third parties for the purposes of background screening.  The remaining allegations in paragraph 15 of the Amended Complaint appear to reference an unidentified document, which speaks for itself.  To the extent that the allegations in paragraph 15 vary from the contents of the document, they are denied.

16.     The allegations in paragraph 16 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 16 are contrary to law they are denied.

17.     The allegations in paragraph 17 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 17 are contrary to law they are denied.  CoreLogic, Inc. admits that it controls its own activities, but

it denies that it controls the activities of NBD.  CoreLogic denies the remaining allegations in paragraph 17.

18.     CoreLogic admits that NBD provides public record information to third-parties for monetary compensation.  CoreLogic denies the remaining allegations of paragraph 18.

19.     CoreLogic denies the allegations contained in paragraph 19 of the Amended Complaint.

20.     The allegations in paragraph 20 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 20 are contrary to law they are denied.

21.     CoreLogic denies the allegations contained in paragraph 21 of the Amended Complaint.

22.     The allegations in paragraph 22 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 22 are contrary to law they are denied.

## FACTUAL ALLEGATIONS

**A.     Plaintiff Tyrone Henderson**

23.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint and, therefore, denies the same.

24.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and, therefore, denies the same.

25.     CoreLogic admits that NBD provided public record information about Plaintiff Henderson to Verifications, Inc.   CoreLogic denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.     The allegations in paragraph 26 of the Amended Complaint state a legal conclusion to which no response is required.   To the extent that the allegations in paragraph 26 are contrary to law they are denied.

27.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and, therefore, denies the same.

28.     The allegations of paragraph 28 of the Amended Complaint refer to a document, which speaks for itself.   To the extent that the allegations of paragraph 28 vary from the text of the document itself, they are denied.

29.     The allegations of paragraph 29 of the Amended Complaint refer to a document, which speaks for itself.   To the extent that the allegations of paragraph 29 vary from the text of the document itself, they are denied.

30.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint and, therefore, denies the same.

31.     CoreLogic denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint and, therefore, denies the same.

33.     The allegations of paragraph 33 of the Amended Complaint refer to a document, which speaks for itself.  To the extent that the allegations of paragraph 33 vary from the text of the document itself, they are denied.

34.     CoreLogic denies the allegations contained in paragraph 34 of the Amended Complaint.

35.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and, therefore, denies the same.

36.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint and, therefore, denies the same.

37.     The allegations of paragraph 37 of the Amended Complaint refer to a document, which speaks for itself.  To the extent that the allegations of paragraph 37 vary from the text of the document itself, they are denied.

38.     The allegations of paragraph 38 of the Amended Complaint refer to a document, which speaks for itself.  To the extent that the allegations of paragraph 38 vary from the text of the document itself, they are denied.

39.     CoreLogic denies the allegations contained in paragraph 39 of the Amended Complaint.

40.     The allegations of paragraph 40 of the Amended Complaint refer to a document, which speaks for itself.  To the extent that the allegations of paragraph 40 vary from the text of the document itself, they are denied.

41.     The allegations of paragraph 41 of the Amended Complaint refer to a document, which speaks for itself.  To the extent that the allegations of paragraph 41 vary from the text of the document itself, they are denied.  Any remaining allegations in paragraph 41 are denied.

42.     CoreLogic denies the allegations contained in paragraph 42 of the Amended Complaint.

**B.     Plaintiff James O. Hines, Jr.**

43.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint and, therefore, denies the same.

44.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint and, therefore, denies the same.

45.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint and, therefore, denies the same.

46.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint and, therefore, denies the same.

47.     CoreLogic admits that NBD provided public record information about Plaintiff Hines to ADP.  CoreLogic denies the remaining allegations contained in paragraph 47 of the Amended Complaint.

48.     The allegations of paragraph 48 of the Amended Complaint refer to a document, which speaks for itself.  To the extent that the allegations of paragraph 48 vary from the text of the document itself, they are denied.

49.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint and, therefore, denies the same.

50.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint and, therefore, denies the same.

51.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint and, therefore, denies the same.

52.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint and, therefore, denies the same.

53.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint and, therefore, denies the same.

54.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint and, therefore, denies the same.

55.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint and, therefore, denies the same.

56.     The allegations of paragraph 56 of the Amended Complaint refer to a document, which speaks for itself.  To the extent that the allegations of paragraph 56 vary from the text of the document itself, they are denied.

57.     CoreLogic is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and, therefore, denies the same.

58.     CoreLogic denies the allegations contained in paragraph 58 of the Amended Complaint.

**C.     All Plaintiffs**

59.     CoreLogic denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     CoreLogic denies the allegations contained in paragraph 60 of the Amended Complaint, as pled.

61.     CoreLogic denies the allegations contained in paragraph 61 of the Amended Complaint, as pled.

62.     CoreLogic denies the allegations contained in paragraph 62 of the Amended Complaint.

63.     CoreLogic denies the allegations contained in paragraph 63 of the Amended Complaint.

**COUNT I – VIOLATION OF THE FCRA**
**15 U.S.C. §1681k(a)(1)**
**(Class Action)**

64.     In response to the allegations contained in paragraph 64 of the Amended Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

65.     In response to paragraph 65 of the Amended Complaint, CoreLogic admits that Plaintiffs purport to bring this claim on behalf of a class. CoreLogic further admits that Plaintiffs purport to define the class as stated in paragraph 65. CoreLogic denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, CoreLogic denies the allegations in paragraph 65.

66.     In response to paragraph 66 of the Amended Complaint, CoreLogic admits that Plaintiff Henderson, in the alternative, purports to bring this claim on behalf of a subclass. CoreLogic further admits that Plaintiff Henderson purports to define the subclass as stated in paragraph 66. CoreLogic denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, CoreLogic denies the allegations in paragraph 66.

67.     In response to paragraph 67 of the Amended Complaint, CoreLogic admits that Plaintiff Hines, in the alternative, purports to bring this claim on behalf of a subclass. CoreLogic further admits that Plaintiff Hines purports to define the subclass as stated in paragraph 67. CoreLogic denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, CoreLogic denies the allegations in paragraph 67.

68.     CoreLogic admits that Plaintiffs claim that the numerosity requirement of 23(a) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class

action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 68 of the Amended Complaint.

69.     CoreLogic admits that Plaintiffs claim that the commonality requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 69 of the Amended Complaint.

70.     CoreLogic admits that Plaintiffs claim that the typicality requirement of 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 70 of the Amended Complaint.

71.     CoreLogic admits that Plaintiffs claim that the adequacy requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 71 of the Amended Complaint.

72.     CoreLogic admits that Plaintiffs claim that the superiority requirement of 23(b) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 72 of the Amended Complaint.

73.     CoreLogic denies the allegations contained in paragraph 73 of the Amended Complaint.

74.     CoreLogic denies the allegations contained in paragraph 74 of the Amended Complaint.

75.     CoreLogic denies the allegations contained in paragraph 75 of the Amended Complaint.

76.     CoreLogic denies the allegations contained in paragraph 76 of the Amended Complaint.

77.     CoreLogic denies the allegations contained in paragraph 77 of the Amended Complaint.

**COUNT II – VIOLATION OF THE FCRA**
**15 U.S.C. § 1681g(a)**
**(Class Action)**

78.     In response to the allegations contained in paragraph 78 of the Amended Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

79.     In response to paragraph 79 of the Amended Complaint, CoreLogic admits that Plaintiffs purport to bring this claim on behalf of a class.  CoreLogic further admits that Plaintiffs purport to define the class as stated in paragraph 79.  CoreLogic denies that this matter may be properly maintained against it as a class action.  Except as expressly admitted, CoreLogic denies the allegations in paragraph 79.

80.     CoreLogic admits that Plaintiffs claim that the numerosity requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class

action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 80 of the Amended Complaint.

81.    CoreLogic admits that Plaintiffs claim that the commonality requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 81 of the Amended Complaint.

82.    CoreLogic admits that Plaintiffs claim that the typicality requirement of 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 82 of the Amended Complaint.

83.    CoreLogic admits that Plaintiffs claim that the adequacy requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 83 of the Amended Complaint.

84.    CoreLogic admits that Plaintiffs claim that the superiority requirement of 23(b) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. CoreLogic denies that that this matter may properly be maintained against CoreLogic as a class action.  Except as specifically admitted, CoreLogic denies the remaining allegations contained in paragraph 84 of the Amended Complaint.

85.     CoreLogic denies the allegations contained in paragraph 85 of the Amended Complaint.

86.     CoreLogic denies the allegations contained in paragraph 86 of the Amended Complaint.

87.     CoreLogic denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     CoreLogic denies the allegations contained in paragraph 88 of the Amended Complaint.

89.     CoreLogic denies the allegations contained in paragraph 89 of the Amended Complaint.

**COUNT III – FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(Individual Claim of Plaintiff Henderson)**

90.     In response to the allegations contained in paragraph 90 of the Amended Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

91.     CoreLogic denies the allegations contained in paragraph 91 of the Amended Complaint.

92.     CoreLogic denies the allegations contained in paragraph 92 of the Amended Complaint.

93.     CoreLogic denies the allegations contained in paragraph 93 of the Amended Complaint.

94.     CoreLogic denies the allegations contained in paragraph 94 of the Amended Complaint.

## COUNT IV – FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (Individual Claim of Plaintiff Hines)

95.     In response to the allegations contained in paragraph 95 of the Amended Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

96.     CoreLogic denies the allegations contained in paragraph 96 of the Amended Complaint.

97.     CoreLogic denies the allegations contained in paragraph 97 of the Amended Complaint.

98.     CoreLogic denies the allegations contained in paragraph 98 of the Amended Complaint.

99.     CoreLogic denies the allegations contained in paragraph 99 of the Amended Complaint.

## COUNT V – FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### (Individual Claim of Plaintiff Hines)

100.    In response to the allegations contained in paragraph 100 of the Amended Complaint, CoreLogic incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

101.    CoreLogic denies the allegations contained in paragraph 101 of the Amended Complaint.

102.    CoreLogic denies the allegations contained in paragraph 102 of the Amended Complaint.

103.    CoreLogic denies the allegations contained in paragraph 103 of the Amended Complaint.

104.    CoreLogic denies the allegations contained in paragraph 104 of the Amended Complaint.

105.    CoreLogic denies that Plaintiffs may recover any of the requested relief in the WHEREFORE clause of the Amended Complaint.

106.    CoreLogic denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiffs' claims fail to the extent that the Amended Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against CoreLogic, Inc. and/or NBD and fails to state facts sufficient to entitle Plaintiffs to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
**(Truth/Accuracy Of Information)**

Plaintiffs' claims fail to the extent that they are barred because all information that CoreLogic communicated to any third person regarding Plaintiffs was true.

### THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, CoreLogic acted in good faith and complied fully with the Fair Credit Reporting Act, to the extent that the Fair Credit Reporting Act applies to Plaintiffs' claims.

## FOURTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which CoreLogic continues to deny, were the result of acts or omissions of third persons over whom CoreLogic had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiffs' claims for punitive damages fail to the extent that the Amended Complaint fails to state a claim for relief for punitive damages.

## SEVENTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

## EIGHTH DEFENSE
### (Impropriety as a Class Action)

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members;

and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## NINTH DEFENSE
### (Standing)

The Amended Complaint is barred, in whole or in part, to the extent that Plaintiffs and the putative class members lack standing.

## TENTH DEFENSE
### (Subject Matter Jurisdiction and Preclusion)

Plaintiffs' claims are barred, in whole or in part, to the extent the claims made in the Amended Complaint on behalf of putative class members are barred by the Rooker-Feldman doctrine, the doctrine of judicial estoppel, collateral estoppel, and *res judicata*, including with respect to the related actions filed by Plaintiffs against Interstate Brands Corporation and Verifications, Inc.

## ELEVENTH DEFENSE
### (Statute Of Limitations)

Plaintiffs' Amended Complaint fails to the extent that it is barred by the applicable statute of limitations.

## TWELFTH DEFENSE
### (Venue)

CoreLogic objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Rules of the United States District Court for the Eastern District of Virginia.

## THIRTEENTH DEFENSE
### (Right To Assert Additional Defenses)

CoreLogic reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendants, CoreLogic, Inc. and CoreLogic National Background Data, LLC f/k/a National Background Data, LLC, request that the Court enter an order: (1) dismissing with prejudice the Amended Complaint; (2) awarding Defendants their costs and expenses incurred herein; and (3) awarding Defendants such other and further relief as the Court may deem just and proper.

**CORELOGIC, INC. and CORELOGIC NATIONAL BACKGROUND DATA, LLC f/k/a NATIONAL BACKGROUND DATA, LLC**

By: /s/ Timothy J. St. George
    Of Counsel

Alan D. Wingfield (VSB No. 27489)
David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-1339
alan.wingfield@troutmansanders.com
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December 2012, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
dale@pittmanlawoffice.com

David A. Searles, Esq.
James A. Francis, Esq.
FRANCIS & MAILMAN PC
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Email: dsearles@consumerlawfirm.com
Email: jfrancis@consumerlawfirm.com

Janelle E. Mason, Esq.
Matthew James Erausquin, Esq.
CONSUMER LITIGATION ASSOCIATES PC
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Email: janelle@clalegal.com
Email: matt@clalegal.com

*Counsel for Plaintiffs*

/s/Timothy J. St. George
Timothy J. St. George (VSB Bar No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1254
Facsimile:   (804) 698-6013
tim.stgeorge@troutmansanders.com