**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TYRONE HENDERSON,**
**on behalf of himself and others**
**similarly situated,**

       **Plaintiff,**

**v.**
                                     **Civil Action No**: **3:12-cv-0097-REP**

**CORELOGIC, INC.,**

**and**

**CORELOGIC NATIONAL**
**BACKGROUND DATA, LLC,**
**f/k/a National Background Data, LLC,**

       **Defendants.**

## STIPULATED PROTECTIVE ORDER AND NON-WAIVER ORDER

IT IS HEREBY STIPULATED by and between Plaintiff, Tyrone Henderson ("Plaintiff"), and Defendants, CoreLogic, Inc. and CoreLogic National Background Data, LLC (collectively, "Defendants"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential applicant or employee information, confidential research and development, or other proprietary information belonging to Defendants and/or credit, personal and other confidential information belonging to Defendants and/or other confidential information of Plaintiff.

WHEREAS, the Plaintiff and Defendant acknowledge that there exists a possibility that a Party may produce documents which would otherwise be subject to a claim of privilege. The Parties acknowledge and agree that the protections of Federal Rule of Evidence 502(d) shall

govern the production of such documents and prevent the waiver of any privileges or protections.

THEREFORE, this Court orders as follows:

1.      This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action.

2.      Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1)(G), shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend:  "CONFIDENTIAL".  Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS".  To the extent electronically stored information is produced in a format that does not permit the branding of the designation of the face of the document (e.g., native Excel files or database exports), the producing party shall add the abbreviation "CONF" to the file name of such documents.  Further, the parties agree that this Order may be amended by agreement or Court Order to add a "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation if either party believes that there is such a need during the course of this action, and the producing party shall add the abbreviation "CONF – AEO" to the file name of such documents.

3.      A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, immediately at the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for expedited turnaround.  The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order.  The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other

electronic transmission a Notice setting forth the page, line numbers and designation.  The Party shall not designate improperly broad portions of the deposition(s), or the entire transcript and instead must do so by page and line number.  The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript.  All transcripts will be treated as CONFIDENTIAL MATERIAL until the expiration of the ten-day period described in this paragraph.  Any portions of a transcript designated as CONFIDENTIAL MATERIAL shall thereafter be treated as CONFIDENTIAL MATERIAL in accordance with this Order.  The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.     All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the discovery, the preparation and trial of this action, and/or in accordance with this Order.

5.     The Parties agree that CONFIDENTIAL MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings in which the Parties in this case are not then a party, other than as stated herein.  In the event Plaintiffs' counsel intends to use such documents in a subsequent matter in which either of the Defendants is named as a party, it must first notify the Defendant at least five (5) days prior to such use and cause the entry of a protective order comparable to this one in the court before which the document(s) or transcript(s) would be used.

6.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) any governmental agency formally requesting such information or documents by subpoena, written notice, or other civil investigative demand ("CID"), with notice provided to the designating party within three (3) days of the receipt of the request and no fewer than fourteen (14) days before disclosure or production, and this Court shall retain jurisdiction to hear any objection that either Plaintiffs or Defendants may have to providing documents in response to such request; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

7.      Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 6(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.   All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person or using the same, except as provided in this Order.

8.      No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraphs and 5 6 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

9.      In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) days after such notice.   The designating party shall have the right to move the Court for a Protective Order in order to retain the designated status of such materials.  If the designating party files such a motion within the ten-day period, the receiving party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10.     Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party two (2) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such material in accordance with Local Rule 5(B) & (D).   The designating party shall file a Motion to File Under Seal simultaneously with the other party's filing and within five (5) days thereafter shall file a supporting memorandum that complies with

the requirements of Local Rule 5(C).  The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

11.     The production or disclosure during discovery of an attorney-client privileged, work product, confidential, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the designating party provided that such production or disclosure would not operate as a waiver according to the principles set forth in Federal Rule of Evidence 502(d) and the associated case law, which are expressly incorporated herein.  It is the intent of the parties that they shall be able to retroactively designate documents as confidential and/or privileged so long as such retroactive designations are made by the party in a reasonably-diligent manner.

12.     Subject to paragraph 9, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS (with the exception of drafts of pleadings filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIALS as provided in this Order).   The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide written verification that the materials, including any summaries, extracts, compilations, notes, or other attorney work product containing CONFIDENTIAL MATERIALS (with the exception of drafts of pleadings filed with the Court), have been destroyed.

13.     This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the

purposes of enforcing this Order.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

14.     Notwithstanding any other provision of this Order, the parties agree that Defendants will not be required to disclose third-party consumer identifying information in discovery; provided, however, that Defendants' and Plaintiffs' counsel will confer in good faith if Plaintiffs' counsel contends that they need such information for specific reasons.   If Defendants disagree, Plaintiffs may seek relief from the Court, subject to such protocols for disclosure that the Court may deem appropriate if such discovery is ordered

15.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

16.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL", nor the failure to make such designation, shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

17.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

18.     Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendants with written notice that they intend to comply with and be bound by the terms of this Order.

19.     Furnishing of consumer report information regarding the Plaintiff and the putative class members to persons identified in paragraph 6 of this Order for the purposes of litigating this case is authorized by this Order pursuant to 15 U.S.C. § 1681b(a)(1).


IT IS SO ORDERED.

Dated: _____, 2013           _____
                                                     Hon. Robert E. Payne
                                             UNITED STATES DISTRICT JUDGE

**WE ASK FOR THIS:**

_____

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA  23601
Telephone:  (757) 930-3660
Facsimile:   (757) 930-3662
Email:  lenbennett@clalegal.com
Email:  srotkis@clalegal.com

Janelle E. Mason, Esq.
Matthew J. Erausquin, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd
Suite 600
Alexandria, VA 22314
Telephone:  (703) 273-7770
Facsimile: (888) 892-3512
Email: janelle@clalegal.com
Email: matt@clalegal.com

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
Email: dale@pittmanlawoffice.com

James A. Francis, Esq.
David A. Searles, Esq.
FRANCIS & MAILMAN PC
Land Title Building
100 S Broad Street, 19th Floor
Philadelphia, PA  19110
Telephone: 215-735-8600
Facsimile: 215-940-8000
Email: jfrancis@consumerlawfirm.com
Email: dsearles@consumerlawfirm.com

_Counsel for Plaintiffs_

_____
Alan D. Wingfield (VSB No. 27489)
David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-1339
alan.wingfield@troutmansanders.com
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendants*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**TYRONE HENDERSON,** *et al.*

       **Plaintiff,**

**v.**

**CORELOGIC, INC.,**

                               **Civil Action No**: **3:12-cv-0097-REP**

**and**

**CORELOGIC NATIONAL
BACKGROUND DATA, LLC,
f/k/a National Background Data, LLC,**

       **Defendants.**

<u>**DECLARATION OF _____ UNDER
STIPULATED PROTECTIVE ORDER**</u>

      I, _____ being duly sworn, declare as follows:

1.     My address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____

_____.

      4.     I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

      5.     I will comply with all of the provisions of the Protective Order.  I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes other than this case.

      6.     I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7.      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.


_____

20276803v1