


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**




**TYRONE HENDERSON, *et al.***

**Plaintiffs,**

**v.** **Civil Action No. 3:12cv97 (REP)**

**CORELOGIC, INC., *et al.***

**Defendants.**

**ORDER**

CAME NOW Defendants CoreLogic, Inc. and CoreLogic National Background Data, LLC f/k/a National Background Data, LLC ("Defendants"), and Plaintiffs, Tyrone Henderson and James Hines ("Plaintiffs"), by counsel, upon the parties' Joint Motion to Extend Certain Pretrial Deadlines (Dkt. No. 44).

WHEREAS, the parties have engaged in substantial meet and confer efforts regarding discovery as well as substantial discovery in this case, including with respect to the large databases at issue containing personal information on millions of individuals;

WHEREAS, the parties have agreed to protocols to govern discovery of the database at issue to protect the security of the data; and

WHEREAS, in order to accomplish discovery upon such additional discovery production, Plaintiffs have stated the need for additional time to conduct discovery and designate experts in this matter; whereas Defendants consent and agree to this extension.

UPON CONSIDERATION WHEREOF, for good cause shown, it is hereby, ORDERED, ADJUDGED and DECREED as follows:

1. The Phase I discovery cutoff is extended until August 30, 2013;

2. The deadline to file motions for summary judgment based upon Phase I discovery, and the deadline to file any motions relating to class certification is extended until September 13, 2013. Any opposition to such motion(s) shall be due by October 14, 2013. Any reply to such motion(s) shall be due by October 29, 2013;

3. The resolution of the individual claims asserted in Counts III, IV, and V, along with any associated further discovery exclusively relevant to those claims, shall be deferred until Phase II;

4. Plaintiffs' expert disclosures to be used in Phase I shall be made on or before July 14, 2013. Expert disclosures to be used in Phase I shall be made by Defendants on or before July 30, 2013. Any rebuttal expert disclosures by either party shall be made by August 15, 2013.

5. All further discovery of electronic-mail ("E-Mail"), except for any E-Mail between Defendants and third-parties ADP Screening and Selection Services, Inc., Automatic Data Processing, Inc. or Verifications, Inc. about the lawsuit, shall be deferred entirely until Phase II. The parties agree that neither party shall be able to use this deferral of E-Mail discovery as a basis for claiming that additional E-Mail discovery is needed before supporting or opposing any motion regarding class certification or before supporting or opposing any motion for summary judgment in Phase I. Notwithstanding these limitations, the parties agree to discuss in good-faith any E-Mail that is additionally requested by Plaintiffs as a result of the additional discovery production forthcoming from defendants in Phase I as a result of this Order. If, after discussing any E-Mail proposal believed by Plaintiffs to be consistent with these limitations, the parties are unable to come to an agreement, then the issue shall be resolved through the ordinary Rule 37 process and as governed by the Court's scheduling orders.

6. Over their objection, it is Ordered that Defendant disclose the identity of their customers that are headquartered within the Fourth Circuit, including but not limited to all

customers within the Fourth Circuit that have used the "CrimWatch" product during the applicable period, within five business days of the entry of this Order, with the understanding that third party discovery will be sought by Plaintiffs from at least a substantial subset of those customers. Defendants will provide a main billing address and unredacted forms of contracts for these customers. In addition, Defendants shall provide the list in rank order according to sales volume, or, in the alternative, sales volume data for alleged class period. Plaintiffs are entitled to serve Subpoenas to these third party customers of Defendants pursuant to Fed. R. Civ. P. 45(B), (C) and (D) for the purpose of obtaining the information retained by the third party regarding putative class members, including without limitation, the identifying information of putative class members and details regarding the reports requested from and furnished by Defendants. This Order is issued in part pursuant to 15 U.S.C. § 1681b(a)(1). Any personal information obtained by Plaintiffs in this manner shall be subject to the Protective Order in this case. Defendants have stipulated that the discovery obtained by Subpoena from these customers constitutes a representative cross sample of their customer base for purposes of class certification. Notwithstanding the Plaintiffs' right to conduct such third party discovery, before Plaintiffs serve such a subpoena upon an existing third party customer of Defendants, they shall first provide a copy of the subpoena in writing to Defendants' counsel. Defendants then have five business days before Plaintiffs may serve the subpoena to determine if there is a basis to seek a Protective Order to restrict or quash such subpoena. During the five-day period, and during the pendency of any motion for a Protective Order, neither party shall have contact with the customers regarding the subpoena.

7. Defendants will provide an unredacted mirror image of its "results returned" database, and shall additionally provide sufficient information regarding any "codes" or other values in the database that relate to the "Fourth Circuit customers" identified in Paragraph 6, or

to third parties that ordered reports relating to the named Plaintiffs, sufficient for Plaintiff's counsel to identify the database records that relate to those customers. The Defendant contends that the "results returned" database contains personal information concerning millions of individuals, and it is highly confidential and proprietary. The parties agree, and the Court orders, that in order to protect the security of the database at issue that discovery of that database shall be produced in the format agreed between the parties and subject to additional technical, procedural protocols and certifications, to be addressed by the parties in an additional Order that is to be tendered to the Court forthwith. The parties understand and contemplate that the timely delivery of the database information is necessary to the completion of Phase I discovery within the dates contemplated herein.

The Clerk is directed to send a copy of this Order to counsel of record.

/s/ REP

HON. ROBERT E. PAYNE
Senior United States District Judge

Richmond, Virginia
Date: June 19, 2013

**WE ASK FOR THIS:**

Leonard Anthony Bennett (VSB #37523)
Susan Mary Rotkis (VSB # 40693)
CONSUMER LITIGATION ASSOCIATES, PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
lenbennett@cox.net
srotkis@clalegal.com

Matthew James Erausquin (VSB # 65434)
Janelle E. Mason (VSB # 82389)
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
matt@clalegal.com
janelle@clalegal.com

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3362
dale@pittmanlawoffice.com

James Arthur Francis (*pro hac vice*)
David A Searles (*pro hac vice*)
FRANCIS & MAILMAN PC
Land Title Building
100 S Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: 215-735-8600
Facsimile: 215-940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Counsel for Plaintiffs*

**SEEN AND AGREED:**

Alan D. Wingfield (VSB No. 27489)
David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
alan.wingfield@troutmansanders.com
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendants*