UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



TYRONE HENDERSON, *et al.*

    **Plaintiffs,**

v.                                          Civil Action No. 3:12cv97 (REP)

CORELOGIC, INC., *et al.*

    **Defendants.**

## AGREED ORDER

CAME NOW Plaintiffs, Tyrone Henderson and James Hines ("Plaintiffs"), by counsel, with the consent and agreement of Defendants, CoreLogic, Inc. and CoreLogic National Background Data, LLC f/k/a National Background Data, LLC ("Defendants"), upon their joint proposal for discovery of Defendants' database.

WHEREAS, the parties have engaged in substantial meet and confer efforts regarding discovery as well as substantial discovery in this case, including with respect to a large database at issue containing personal information on millions of individuals; and

WHEREAS the parties have agreed to protocols to govern discovery of the database in order to protect the security of the data.

UPON CONSIDERATION WHEREOF, for good cause shown, it is hereby, ORDERED, ADJUDGED and DECREED as follows:

    1.     Defendants shall make a mirror image copy of the "results returned" database for the period of March 14, 2007 to the present and shall load the data into a "SQL Server" database on a Dell Poweredge server to be provided to the Defendants by the Plaintiffs ("the database server"). The database server shall then be delivered to a designated representative at

McGladrey LLP ("McGladrey"), the identity and location of whom shall be provided by Plaintiffs to counsel for Defendants before delivery.

2. The designated McGladrey representative will sign Exhibit A to the Protective Order currently in effect for this action.

3. Prior to the receipt of the results returned database, McGladrey will cooperate with Defendants to ensure McGladrey's compliance with Defendants' internal data security tests. McGladrey further certifies that its systems are compliant with all applicable privacy and data security requirements, including the "Safeguards Rule" of the Gramm-Leach-Bliley Act.

4. The results returned database shall be designated as "Confidential," and access to the results returned database shall be treated as such in accordance with the Protective Order entered in this action and also subject to the additional restrictions that follow.

5. The hard drive of the results returned database shall remain on site at the McGladrey office that is designated for delivery throughout the entirety of this litigation, except upon subsequent Court Order.

6. Any individual who intends to access the results returned database shall be identified to counsel for Defendants at least two business days prior to access. During that period, counsel for Defendants shall have the opportunity to object in writing to the proposed access. During the pendency of any objection, the individual in question shall not be provided access to the database until the issue is resolved by the Court.

7. McGladrey shall maintain a list of all individuals who access the results returned database, including the date(s) accessed, and the designated representative at McGladrey shall provide an updated version of that list to counsel for Defendants upon demand.

8. The results returned database shall be maintained by Plaintiffs and their counsel and representatives at McGladrey in accordance with all applicable law and Court Orders.

9.  No additional copies of the results returned database are to be made by Plaintiffs.

10. Any access to the results returned database is to be accomplished exclusively through the hard drive of the results returned database provided by Defendants. The database shall not be imaged or uploaded by McGladrey to any other electronic medium.

11. Within ten (10) days after the conclusion of this litigation, either by settlement, after the resolution of any and all appeals, or after the time period expires for the filing of any appeals, the database server is to be returned to counsel for Defendants. The Defendants shall take whatever steps they deem necessary to "wipe" any Confidential data from the hard drives of the database server and shall thereafter ship the server to the Northern Virginia office of Consumer Litigation Associates within ten (10) days following receipt.

12. Nothing in this Order shall prevent the parties from using relevant information derived from the inspection of the results returned database in connection with the trial, hearings, depositions, motions, memoranda, or other proceedings in this action.

The Clerk is directed to send a copy of this Order to counsel of record.

/s/ REP
HON. ROBERT E. PAYNE
Senior United States District Judge

Richmond, Virginia
Date: August 13, 2013

3

**SEEN AND AGREED:**

/s/

Leonard Anthony Bennett (VSB #37523)
Susan Mary Rotkis (VSB # 40693)
CONSUMER LITIGATION ASSOCIATES, PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
lenbennett@cox.net
srotkis@clalegal.com

Matthew James Erausquin (VSB # 65434)
Janelle M. Mason (VSB # 82389)
Casey S. Nash (VSB # 84261)
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
matt@clalegal.com
janelle@clalegal.com

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3362
dale@pittmanlawoffice.com

James Arthur Francis (*pro hac vice*)
David A Searles (*pro hac vice*)
FRANCIS & MAILMAN PC
Land Title Building
100 S Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: 215-735-8600
Facsimile: 215-940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Counsel for Plaintiffs*

**SEEN AND AGREED**

_____
Alan D. Wingfield (VSB No. 27489)
David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
alan.wingfield@troutmansanders.com
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendants*