UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TYRONE HENDERSON,** *et al.*

      **Plaintiffs,**

v.                                          **Civil Action No. 3:12cv97 (REP)**

**CORELOGIC NATIONAL
BACKGROUND DATA, LLC**

      **Defendant.**

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO EXCEED PAGE LIMITATION OF LOCAL CIVIL RULE 7(F)(3)**

Defendant, CoreLogic National Background Data, LLC ("NBD"), by counsel, submits this memorandum in support of its motion to exceed the page limitation set forth in Local Civil Rule 7(F)(3) for NBD's memorandum in opposition to Plaintiffs' Motion for Class Certification.

**ARGUMENT**

On January 3, 2014, Plaintiffs' filed their Motion for Class Certification (Dkt. No. 70) and memorandum in support thereof ("Certification Memorandum") (Dkt. No. 72) seeking certification of a class of over 1.7 million individuals, claiming statutory damages of up $170 million to $1.7 billion, as well as requesting punitive damages.

Plaintiffs' Certification Memorandum raises many complex issues, which NBD will contend include the lack of Article III standing of some putative class members due to the over-breath of the proposed class definition, numerous fatal ascertainability issues, and other factual defects with Plaintiffs' typicality, commonality, and superiority arguments that preclude class certification here.

Moreover, and most importantly, Plaintiffs seek certification of a class under a revised definition that is <u>completely different</u> than the definition alleged in the Amended Complaint

(Dkt. No. 30).  Plaintiffs' revised proposed class definition is based on a theory of liability under § 1681k(a)(1) of the Fair Credit Reporting Act that implicates NBD's transmission of Social Security numbers.  Not only does this new class definition fundamentally change the dynamic of the class claim, it also requires NBD to address several new issues in its opposition.

Moreover, the forthcoming arguments against certification have occurred in the context of a case where NBD has produced over 100,000 pages of documents during the two years that this case has been pending, as well as NBD's production of an entire database consisting of millions of criminal records.  NBD also engaged a nationally-prominent expert witness, who produced a detailed report on issues relating to class certification.  Indeed, the parties have previously (and jointly) represented to the Court the complexity of this case and their cooperative discovery efforts to overcome that complexity.  (*See* Dkt Nos. 35, 45, 51, and 54.)

Given enormity of the class Plaintiffs seek to certify and the number of complex issues that NBD must address in opposition to the Certification Memorandum, NBD respectfully requests that the Court allow it to file a memorandum in opposition to Plaintiffs' Motion for Class Certification not to exceed 50 pages.  Granting NBD additional pages will allow the Court to engage in the "rigorous analysis" required before deciding whether to certify a class in this case. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  As of the submission of this memorandum, NBD's counsel is deeply engaged in crafting a concise but comprehensive brief, and they represent to the Court that, in their professional opinion, 50 pages is the minimum number of pages necessary to present all of the critical issues.

Local Civil Rule 7(F)(3) states that "[e]xcept for good cause shown in advance of filing, opening and responsive briefs . . . shall not exceed thirty (30) 8-1/2 x 11 inch pages" in length. Plaintiffs will not be prejudiced if NBD is given additional pages for its opposition to respond to the arguments previously made by Plaintiffs in the opening motion.  And, NBD has offered to

consent to Plaintiffs being afforded 35 pages for their reply brief, which is itself a <u>proportionally larger extension</u> that what NBD seeks here for its opposition brief.  This motion is also made in advance of the deadline for the filing of NBD's memorandum in opposition to Plaintiffs' Motion for Class Certification.   Nor will granting NBD the additional pages requested disrupt the agreed-to briefing schedule on class certification.

The granting of this motion is also consistent with NBD's having consented to Plaintiffs' three prior requests to extend the discovery cutoff, Dkt. Nos. 35, 44, and 56, as well as NBD's prior consent on two occasions to provide Plaintiffs with an additional sixteen days to file their Motion for Class Certification.  *See* Dkt. Nos. 59, 61.

The complexity and seriousness of this case, Plaintiffs' brand new class definition, as well as NBD's good faith offer to provide a more-than-reciprocal page limit extension to Plaintiffs in connection with their reply brief, all provide good cause for the modest requested extension herein.

<u>C</u><u>ONCLUSION</u>

For these reasons, Defendant, CoreLogic National Background Data, LLC, respectfully requests that the Court: (1) grant its Motion to Exceed Page Limitation Contained in Local Rule 7; (2) provide NBD leave to file memorandum in opposition to Plaintiffs' Motion for Class Certification, not to exceed 50 pages; and (3) award NBD any such further relief that the Court deems appropriate.

**CORELOGIC   NATIONAL   BACKGROUND
DATA, LLC f/k/a NATIONAL BACKGROUND
DATA, LLC**


By:/s/ Timothy J. St. George _____

Alan D. Wingfield (VSB No. 27489)
David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-1339
alan.wingfield@troutmansanders.com
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of February 2014, I filed a copy of the foregoing on

the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA  23601
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662
Email:  lenbennett@cox.net

*Counsel for Plaintiffs*


Janelle E. Mason, Esq.
Matthew J. Erausquin, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd
Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsmile: (888) 892-3512
Email: janelle@clalegal.com
Email: matt@clalegal.com

*Counsel for Plaintiffs*

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W.
PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA  23803
Telephone:  (804) 861-6000
Facsimile:  (804) 861-3362
Email: dale@pittmanlawoffice.com

*Counsel for Plaintiffs*


James Arthur Francis, Esq.
David A. Searles, Esq.
FRANCIS & MAILMAN PC
Land Title Building
100 S Broad Street, 19th Floor
Philadelphia, PA  19110
Telephone: 215-735-8600
Facsimile: 215-940-8000
Email: jfrancis@consumerlawfirm.com

*Counsel for Plaintiffs*

/s/ Timothy J. St. George
Timothy J. St. George (VSB Bar No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1254
Facsimile:  (804) 698-6013
tim.stgeorge@troutmansanders.com