IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TYRONE HENDERSON and <br> JAMES O. HINES, JR., *on behalf of* <br> *themselves and others similarly situated*, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CORELOGIC, INC., *et al.* <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:12cv97 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO EXCEED PAGE LIMITATION OF LOCAL CIVIL RULE 7(F)(3)**

COME NOW the Plaintiffs, by counsel, and as for their Memorandum in Opposition to the Defendant's Motion To Exceed Page Limitation Of Local Civil Rule 7(F)(3) (Docket No. 81), they state as follows:

On February 5, 2014 the Defendant filed a motion seeking permission to file an opposition to Plaintiffs' Motion for Class Certification in excess of the thirty pages permitted by Local Rule 7(F)(3). It seeks permission to file a fifty-page brief in response, a request that is generally regarded with disfavor. *State v. West*, 862 P.2d 192 (1993) (*overruled on other grounds by*, *State v. Rodriguez*, 961 P.2d 1006 (1998)). Plaintiffs oppose this motion.

Defendant argues that it needs twenty additional pages in which to respond to Plaintiffs' class certification brief because the Plaintiffs present a "completely different" class definition than the one alleged in their Amended Complaint and that this new definition "fundamentally change[s] the dynamic of the class claim". This is simply incorrect. In fact, Plaintiffs' counsel discussed the class definition and legal theories raised in their motion for class certification with defense counsel before the Plaintiffs' initial complaint was even filed. The Defendant has now

had over a year and a half to litigate this case and focus in on the pertinent issues. Plaintiffs' arguments are no surprise to the Defendant and certainly do not raise any "new issues". In fact, several of the cases that Plaintiffs cited in their class certification brief are the same cases that the Defendant relied on in its summary judgment motion. The Defendant simply has no good-faith basis to request an additional twenty pages for its opposition.

And even if that was not the case, the class definition in the Plaintiffs' Memorandum in Support of their Motion for Class Certification is not substantially more complex such that an increased page limit would be necessary. In fact, Plaintiffs specifically narrowed the class definition in order to limit the number of potential class members and moot certain defenses that the Defendants could use to attack class certification. Pls.' Mem. in Supp. of Mot. for Class Certification, 18. (ECF No. 72).

The Defendant cannot demonstrate that "good cause" exists to justify the requested extension. First, and most importantly, the Plaintiffs would be materially and substantially prejudiced if the Defendant was granted an additional twenty pages for its opposition brief. Plaintiffs have already submitted their Motion for Class Certification and limited their brief to thirty pages in compliance with the Local Rules. In doing so, Plaintiffs eliminated many pages before filing the final version of their brief. This required Plaintiffs to limit the breadth of the arguments that they presented to the court and abbreviate or eliminate others altogether. In fact, Plaintiffs' counsel spent nearly an entire day editing their brief with the sole purpose of bringing their brief to within the page limits mandated by this Court's Local Rules. It required several of Plaintiffs' attorneys in succession to pare down the brief sufficiently such that they were still able to make the more critical points of their arguments. They did so because this Court's Rules are not "suggestions", or "goals for the parties to shoot for". They are Rules. They define the

playing field. Plaintiffs complied with these Rules, and they would be materially prejudiced if the Defendant was granted an additional 20 pages—2/3 of the length of an additional brief—for its opposition.

Finally, the Court should note the timing of this Request. While Plaintiffs' counsel have the highest regard for their Troutman Sanders opponents, this firm has litigated opposite Plaintiffs' counsel on many of these types of motions before. This Defendant necessarily understood that the issues were complex. It could have requested an additional twenty pages for its brief before Plaintiffs filed their Motion, or it could have proposed a consent order such that Plaintiffs would not have to show their hand first subject to the strictures of the page limitation. Instead, it waited until Plaintiffs had already complied with the Court's Rules and then after the Plaintiffs' showed their hand, it decided to seek additional pages for its opposition—a benefit not afforded to the Plaintiffs.

Because the Plaintiffs would suffer material prejudice if the Defendant's motion was granted, and due to the timing of the Defendant's motion, it should be denied.

        Respectfully submitted,
        **PLAINTIFFS**

        By    /s/   Casey S. Nash
              Of Counsel

Casey S. Nash, VSB No. 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
casey@clalegal.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2014, I have filed the foregoing electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David N. Anthony
Timothy J. St. George
Alan D. Wingfield
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23218-1122
Tel:   804-697-5410
Fax:   804-698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com
alan.wingfield@troutmansanders.com

John C. Lynch
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Tel:   757-687-7765
Fax:   757-687-1504
john.lynch@troutmansanders.com

*Counsel for the Defendant*

                                                /s/
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
casey@clalegal.com