## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**TYRONE HENDERSON,**
**JAMES O. HINES, JR.**
**on behalf of themselves and others**
**similarly situated,**

      **Plaintiffs,**

**v.**                                          **Civil Action No: 3:12cv97 (REP)**

**CORELOGIC, INC.,**

**and**

**CORELOGIC NATIONAL BACKGROUND DATA, LLC,**
**f/k/a National Background Data, LLC,**

      **Defendants.**


### PLAINTIFFS' MEMORANDUM  IN SUPPORT OF THEIR MOTION TO ENLARGE PAGE LIMITATIONS FOR REPLY BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

COME NOW the Plaintiffs, by counsel, and in support of their Motion to Enlarge Page

Limitations for Reply Brief in Support of Motion for Class and regarding the Court's February

10, 2014 Order, they state as follows:

Plaintiffs move to enlarge the page limits for their Reply brief from the 35 pages

Defendant prefers and the Court provided on Defendants' motion (Docket No. 86), to the 50

pages that are necessary to competently respond to Defendants' 50 page response and hundreds

of pages of exhibits.

The Defendant does not consent.  In fact, prior to the date that the Defendant filed its own

Motion for Enlargement of page limits (Docket No. 81), Plaintiffs offered their agreement to the

longer defense motion, but conditioned on reciprocal sized briefing on reply.  Plaintiffs proposed

40 pages for Response an 40 pages for Reply.   Defendant refused, and would not consent to a

Reply beyond 35 pages.  This opposition is of course inconsistent with its own position

cautioning about the seriousness of the pending motion, the necessary rigors required of a

moving Plaintiff and the tremendous volume of information to be conveyed.  For example,

Defendant argues:

> The mandate from repeated decisions of the Supreme Court and the Fourth Circuit
> is that a "rigorous analysis" is required on class certification. See Soutter v.
> Equifax Info Services, 2012 U.S. App. LEXIS 24891 (4th Cir. Dec. 3, 2012).
> Being given a full opportunity to develop its position is part and parcel of this
> mandate of the law. The effort to hamstring NBD's efforts to present a "rigorous
> analysis," including by reference to an identification of the many attempted
> oversimplifications in Plaintiffs' opening brief, should be rejected and additional
> pages allowed. See, e.g., Camafel Bldg. Inspections, Inc. v. BellSouth Adver. &
> Pub. Corp., 2008 U.S. Dist. LEXIS 18192, at *34 (N.D. Ga. Mar. 7, 2008) (Dkt.
> No. 152) (granting defendant's motion for an extension of page limitation to
> respond to plaintiffs' motion for class certification "because additional space was
> necessary to address the issues plaintiffs raised in their motion").

Def. Reply Mem. at 3 (Docket No. 85).

Of course the reason Defendant wanted such a large response brief is of now obvious.  It

was not intending simply to respond directly to Plaintiffs' facts or specific contentions, but

instead to present and assert a laundry list of affirmative defenses to class certification, most not

directly responsive to anything argued in support of the motion.  Defendant itself claims at least

"15" reasons why the Court should deny class certification.   Such a defense strategy is not

uncommon.  Class certification oppositions often present independent and affirmative basis to

deny certification.   But the result in this case and as to every class certification motion is that the

"Reply" brief is always the most critical and important of the Plaintiffs' written argument.   In

some instances, a moving Plaintiff can devote space in the opening brief to preempt or buttress

against anticipated defense arguments.  Plaintiff has done some of this here.  But a larger Reply

is uniquely appropriate with regard to a Rule 23 motion.

Reply to Defendant's opposition is compounded by the suspect expansion of Defendant's brief through the one paragraph attempt to incorporate the additional (legal) arguments made to assist Defendant by its purported expert.  Def. Mem. in Op., at 32-33 (Docket No. 91); Declaration of Keeley (Docket No. 91-6).  The use of "Exhibits" as a means to circumvent and exceed page limits is routinely condemned.  *Mann v. Heckler & Koch Def., Inc.*, 1:08CV611 (JCC), 2009 WL 1248994 (E.D. Va. Apr. 30, 2009) (Striking a summary judgment opposition because it tried to avoid the Local Rule 7(F)(3) page limits by placing the party's statement of facts in an exhibit claimed to be "supporting documentation"); *Rochlin v. Cincinnati Ins. Co.*, IP00-1898CHK, 2003 WL 21852341 (S.D. Ind. July 8, 2003) ("When viewing defendant's reply brief as a whole, the court infers that defendant intentionally attempted to evade this court's direct order that the reply brief *not* exceed 40 pages. Rather than actually edit a 60-page brief down to 40 pages, defendant chose simply to remove large portions of the argument and to label them as "exhibits" and "appendix" in an attempt to appear to comply with the letter of the court's order.").  Plaintiffs are not asking to strike Defendant's brief, but instead to obtain the 50 page limit brief within which to respond to Defendant's 50 page opposition and incorporation of a 71 page "expert" report.

Further, Plaintiffs need a Reply brief commensurate in size to that of Defendant's response brief because the burdens in a class certification motion are entirely on the Plaintiff.  In contrast, for example, in a defendant's summary judgment motion, the responding plaintiff faces his own burden and cannot simply deny or refute the claims of the defendant.  Thus, in this motion and posture, even while Defendant may in its brief spend a page or less developing some of its contentions, as Plaintiffs' counsel learned in *Souter v. Equifax Info Services*, a small argument barely presented or argued before the District Court may turn into a full-blown basis

for a defendant's appeal. 2012 U.S. App. LEXIS 24891 (4th Cir. Dec. 3, 2012).  Plaintiff must

address all of the argument's potential, not merely that part expressly stated in the Defendant's

brief.

The page enlargement from 35 to 50 pages is also appropriate because it is fair.  This

increase will help Plaintiffs overcome the prejudice they incurred in meeting the Rule 7(F)(3)

limitation in their opening brief.   And it will more closely (though still not fully) preserve the

total pages of briefing ration between movant and respondent contemplated by the Local Rule.

*Harrison v. Prince William Cnty. Police Dep't*, 640 F. Supp. 2d 688, 700 (E.D. Va. 2009)

(Granting motion to enlarge Reply page limits because of the Court's consideration (in part) of

the "entire page limit for both its initial and reply briefs[.]")  In accordance with Local Rule

7(F)(3), the Parties began this briefing exchange with a basic entitlement to briefing pages at a

5:3 ratio as follows:

Plaintiffs:      50 pages;
Defendant:    30 pages[1].

After Plaintiffs filed their 30 page opening memorandum, Defendant sought and received over

objection an enlargement of its page limits from 30 to 50 pages.   The Defendant asked that

Plaintiffs receive only 35 pages in Reply, which limited enlargement for Reply the Court granted

without comment by Plaintiffs, thus substantially altering the briefing page ratio in defendant's

favor to:

Plaintiffs:      65 pages;
Defendant:    50 pages.

A proportionate increase for Plaintiffs' Reply – assuming the same 5:3 ratio the Rule initially

contemplates - would have been

---

[1] Under Local Rule 7(F)(3), Defendant's Response should constitute 37.5% of the total number
of briefing pages.

Plaintiffs:     83 pages
Defendant:     50 pages.[2]

Accordingly, even beyond the absolute necessity of the enlargement requested by Plaintiffs, basic fairness should permit the enlargement Plaintiffs Reply from 35 to 50 pages.  In fact, given the Plaintiffs' use of only 30 pages in opening, an enlargement to 53 pages (which is more than Plaintiffs request) would be appropriate.

The Defendant will suffer no legal prejudice as a result of an enlargement that keeps the Plaintiffs' reply brief in an equal briefing ratio to what Plaintiffs are allowed under Local Rule 7, but the Plaintiffs would be prejudiced by the inability to fully present counter arguments if their Motion was denied. Therefore, granting this Motion and allowing the Plaintiffs a comparable page ration in which to file their reply in support of their motion for class certification is in the interest of justice.

For good cause shown, Plaintiffs respectfully request that this Court grant their Motion to Enlarge Page Limitations and Regarding the Court's February 10, 2014 Order, allowing them 50 pages for their Reply in Support of their Motion for Class Certification.

Respectfully submitted,

**TYRONE HENDERSON** and
**JAMES O. HINES, JR.,** *on behalf of*
*themselves and others similarly situated*


By_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.

---

[2] Defendant's 50 pages would thus constitute the 37% of the total number of briefing pages contemplated by the Local rule.

763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2014, I have filed the foregoing electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David N. Anthony
Timothy J. St. George
Alan D. Wingfield
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23218-1122
Tel:    804-697-5410
Fax:    804-698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com
alan.wingfield@troutmansanders.com

John C. Lynch
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Tel:    757-687-7765
Fax:    757-687-1504
john.lynch@troutmansanders.com

*Counsel for the Defendant*

                              _____/s/_____
                              Leonard A. Bennett, Esq.
                              VSB #37523
                              Attorney for Plaintiff
                              CONSUMER LITIGATION ASSOCIATES, P.C.
                              763 J. Clyde Morris Boulevard, Suite 1-A
                              Newport News, Virginia 23601
                              (757) 930-3660 - Telephone
                              (757) 930-3662 – Facsimile
                              E-mail: lenbennett@clalegal.com